76666.0294

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIANO GONZALEZ D/B/A KUSTOM KAR WASH** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **Civil Action No. 5:17-CV-00199** |
| | § | |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY AND ANTHONY TAYLOR** | § | |
| | § | |
| **Defendants** | § | |

**DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant THE TRAVELERS LLOYDS INSURANCE COMPANY, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 49th Judicial District Court, Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

## I. INTRODUCTION

1. On August 28, 2017, Plaintiff Justin Canchola filed his original petition in the 49th Judicial District Court, Webb County, Texas captioned *Mariano Gonzalez D/B/A Kustom Kar Wash v. The Travelers Lloyds Insurance Company and Anthony Taylor*, Cause Number 2017CVH001926D1 (the "State Court Action").

2. Citation for the State Court Action was issued on September 5, 2017 and served by certified mail to Defendant Travelers on September 12, 2017.

## II.
## BASIS FOR REMOVAL

3. This Court has original jurisdiction over this State Court Action, pursuant to 28 U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4. The Plaintiff seeks monetary relief of over $100,000 but not more than $200,000.00. *See* Exhibit A-1 at paragraph 5, page 2. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

5. Plaintiff was at the time of the filing of this action, has been at all times since, and still is an individual resident citizen of Texas. *See* Exhibit A-1 at paragraph 2. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning home whenever he is absent therefrom. *See Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). Accordingly, Plaintiff is a citizen of Texas.

6. Defendant The Travelers Lloyds Insurance Company at the time of the filing of this action, at the time of this removal, at all relevant times since and is currently, a citizen of the State of Connecticut because it is a Connecticut corporation with its principal place of business in the State of Connecticut.

7. Defendant Anthony Taylor ("Taylor") was improperly joined, and therefore, his citizenship can be disregarded for purposes of diversity jurisdiction. For purposes of considering whether complete diversity jurisdiction exists, a court may disregard the citizenship of parties that

have been improperly joined. *Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.,* 719 F.Supp.2d 736, 738 (S.D. Tex. 2010)(citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 572-73 (5th Cir. 2004)).

8. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while no properly joined defendant is a citizen of Texas, this Court has original jurisdiction over the present action pursuant to 28 USC §1332. Therefore, removal is proper.

9. "The citizenship of an improperly-joined defendant is disregarded for the purpose of diversity jurisdiction." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 1999); *see also Heritage Bank v. Redcom Labs, Inc.,* 250 F.3d 319, 323 (5th Cir. 2001), *cert. denied,* 534 U.S. 997 (2001); *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101-02 (5th Cir. 1990). Improper joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *See Smallwood v. Illinois Centr. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc). When assessing the plaintiff's inability to establish a cause of action, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005)(citing *Smallwood,* 385 F.3d at 573).

10. The allegations against Taylor are nothing more than boilerplate allegations that merely track the statutory language. The majority of the plaintiff's factual allegations were merely asserted against "Defendants" without alleging what actions were attributable to the adjuster individually, as opposed to the insurance company, that would give rise to Plaintiff's causes of action. *See TAJ Props., LLC v. Zurich Am. Ins. Co.,* No. H-10-2512, 2010 WL 4923473, at *4 (S.D.Tex. Nov. 29, 2010). In recent cases, courts have held that an adjuster, like Taylor, was improperly joined where the allegations against him were "mere conclusory allegations" and failed to

allege facts that "would plausibly lead to the conclusion that plaintiff suffered any damage by reason of [the adjuster's] conduct." *Plascencia v. State Farm Lloyds*, 4:14-CV-00524-A, at *14 (N.D. Tex. Sept. 25, 2014.)[1]; *see also e.g. Thomas v. State Farm Lloyds,* 3:15-CV-1937-B, 2015 WL 6751130 at *4 (N.D. Tex. Nov. 4, 2015); *Meritt Buffalo Events Center, LLC v. Central Mutual Insurance Company,* 3:15-CV-3741-D, 2016 WL 931217 at *5-6 (N.D. Tex. Mar. 11, 2106); *Greg Johnson v. The Travelers Home and Marine Insurance Company and Dusty James Nice,* H-16-449, 2016 WL 401146 (S.D. Tex., July 29, 2016). Further, the Plaintiff's attorney has recently filed Petitions in three other cases that are identical to the Petition in this case in regard to the allegations against the adjuster evidencing that the allegations against Taylor are simply boiler plate. *See* Exhibit "D".

11. There is no reasonable basis to predict that Plaintiff could recover for the alleged violation of the Texas Insurance Code §541.060(a)(1) against Taylor. This section of the Texas Insurance Code prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." Tex. Ins. Code §541.060(a)(1). To support this claim, Plaintiff has merely recited the statutory language without attributing any actions to Taylor. *See* Exhibit A-1. Further, the Texas Supreme Court has ruled that a dispute between the insured and the insurer as to whether a "claim was factually within the policy's terms" did not constitute a misrepresentation of the policy. *Texas Mutual Insurance Co. v. Ruttinger,* 381 S.W.3d 430, 446 (Tex. 2012).

12. There is no reasonable basis to predict that Plaintiff could recover for the alleged violation of the Texas Insurance Code §541.060(a)(2)(A) against Taylor. This section of the Texas Insurance Code prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the policy is reasonably clear." Tex. Ins. Code

1 A copy of the *Plascencia* opinion is not available on Westlaw and is therefore attached for reference as Exhibit B.

§541.060(a)(2)(A). To support this claim, Plaintiff has merely recited the statutory language without attributing any actions to Taylor. *See* Exhibit A-1.

13. There is no reasonable basis to predict that Plaintiff could recover for the alleged violation of the Texas Insurance Code §541.060(a)(3) against Taylor. Courts have ruled that an adjuster, like Taylor, "cannot be liable under [§541.060(a)(3)] because the adjuster has neither the responsibility nor the authority to comply with [the section]." *Thomas v. State Farm Lloyds, supra* *4, *citing Mainali,* 2015 WL 5098047 at *4.

14. There is no reasonable basis to predict that Plaintiff could recover for the alleged violation of the Texas Insurance Code §541.060(a)(4) against Taylor. This section of the Texas Insurance Code prohibits failing within a reasonable time to affirm or deny coverage of a claim to a policyholder or submitting a reservation of rights to a policyholder. Tex. Ins. Code §541.060(a)(4). To support this claim, Plaintiff has merely recited the statutory language without attributing any actions to Taylor. *See* Exhibit A-1.

15. There is no reasonable basis to predict that Plaintiff could recover for the alleged violation of the Texas Insurance Code §541.060(a)(7) against Taylor. Section 541.060(a)(7) bans "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code §541.060(a)(7). Plaintiffs have failed to allege any actions of Taylor regarding his investigation of the claim and inspection of the property; Plaintiff has merely recited the statutory language of Tex. Ins. Code §541.060(a)(7). Exhibit A-1. These allegations are merely conclusory allegations that recite elements of the causes of action, which provides no reasonable basis" for Plaintiff to recover against Taylor. *See e.g. Thomas v. State Farm Lloyds, supra* *4. Further, several courts have determined that adjusters like Taylor cannot be held liable under this section as the violation is the failure to pay, not to reasonably investigate, and the adjuster does not have the

authority to pay. *Id. citing Mainali,* 2015 WL 5098047, at *4(quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F. Supp. 3d 721, 725 (N.D. Tex. 2014)).

16. In addition, there is no plausible recovery against Taylor on the insurance code claims alleged against him which include elements of fraud or misrepresentation. A plaintiff alleging fraud is required to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure 9(b) demands that the plaintiff "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564-65 (5th Cir. 2002). Rule 9(b) applies to all averments of fraud, whether they are a claim of fraud or statutory claims based on allegations of fraud. *Omni USA, Inc. v. Parker-Hannifin Corp.,* 789 F.Supp.2d 831, 836 (S.D. Tex. 2011) *citing Lone Star Ladies Inv. Club v. Scholtzsky's, Inc.,* 238 F.3d 363, 368 (5th Cir. 2001). Plaintiff's Original Petition in the State Court Action does not specify any statements that are alleged to be fraudulent, who made the statements, state when and where the statements were made, nor explain why the statements are fraudulent. Therefore, Plaintiff cannot recover against Taylor for any causes of action alleging fraud.

17. Accordingly, because the allegations against Taylor are conclusory and made solely to destroy diversity jurisdiction, Taylor's citizenship should be disregarded because he was improperly joined.

18. Taylor's consent to this removal is not required because he was improperly joined. *See Rico v. Flores,* 481 F.3d 234, 239 (5th Cir. 2007)("[A] removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Out of an abundance of caution, Taylor has consented to this removal. *See* Exhibit C.

76666.0294

19. This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

20. This Notice of Removal is filed within thirty (30) days after service (on September 7, 2017) by Defendants of the State Court Action. This Notice of Removal is also been filed within one year of the filing of Plaintiffs' Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

## III.
## PROCEDURAL REQUIREMENTS

21. In accordance with 28 USC section 1446 (D), Defendants will promptly give written notice of this Notice of Removal to Plaintiffs through counsel of record and file a copy of this Notice of Removal in the 406th Judicial District Court, Webb County, Texas.

22. Defendants reserve the right to amend or supplement this Notice of Removal.

23. The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a) an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b) a copy of the docket sheet in the State Court Action;

(c) a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d) a separately filed Civil Cover Sheet for Cases Removed from State District Court.

76666.0294

For the above reasons, Defendants give notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: 5 October, 2017

Respectfully submitted,

ADAMI, SHUFFIELD, SCHEIHING
& BURNS, P.C.
9311 San Pedro, Suite 900
San Antonio, Texas 78216
Telephone (210) 344-0500
Telecopier (210) 344-7228
bscheihing@adamilaw.com

By: ______________________
ROBERT F. SCHEIHING
State Bar No. 17736350

ATTORNEY FOR DEFENDANT

76666.0294

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 5 day of October, 2017:

William T. Jones
Robert D. Green
Daniel P. Barton
Roy J. Elizondo, III
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007
(713) 227-4747
(713) 621-5900 Facsimile
bjones@GBTriallaw.com
green@greentriallaw.com
dbarton@bartonlawgroup.com
relizondo@GBTriallaw.com

ROBERT F. SCHEIHING