76666.0294

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIANO GONZALEZ D/B/A KUSTOM KAR WASH § § § | |
| Plaintiff, § § | |
| V. § | Civil Action No. 5:17-CV-00199 |
| § § | |
| THE TRAVELERS LLOYDS INSURANCE COMPANY AND ANTHONY TAYLOR § § § § | |
| Defendants § | |

**DEFENDANT ANTHONY TAYLOR'S ORIGINAL ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES ANTHONY TAYLOR ("Taylor"), Defendant and files this DEFENDANT ANTHONY TAYLOR'S ORIGINAL ANSWER in response to PLAINTIFF'S ORIGINAL PETITION, and would show the Court the following:

**I.
TAYLOR'S ORIGINAL ANSWER SPECIFIC RESPONSES**

1. Discovery in this case should be conducted under the Federal Rules of Civil Procedure, any local applicable rules and the Scheduling Order governing this case.

2. Taylor admits the allegations of paragraph 2 of Plaintiff's Original Petition.

3. Taylor admits the allegations of paragraph 3 of Plaintiff's Original Petition.

4. Taylor admits he is an individual and an insurance adjuster licensed by the Texas Department of Insurance. Taylor denies that he is a proper party as he was improperly joined in this action.

1

76666.0294

5.	Taylor admits the allegations contained in paragraph 5 of the Plaintiff's Original Petition but denies that any conduct justifies an award of damages.

6.	Taylor admits the allegations of paragraph 6 of Plaintiff's Original Petition but denies that the Plaintiff's causes of action are valid.

7.	Taylor denies that the causes of action against him are valid and admits the balance of the allegations contained in paragraph 7 of the Plaintiff's Original Petition.

8.	Taylor agrees that venue is proper in the Southern District of Texas, Laredo Division.

9.	Taylor denies the allegations contained in paragraph 9 of Plaintiff's Original Petition.

10.	Taylor denies the allegations contained in paragraph 10 of Plaintiff's Original Petition.

11.	Taylor admits the allegations contained in paragraph 11 of Plaintiff's Original Petition.

12.	Taylor admits that a storm occurred on May 21, 2016 but denies that the storm was severe as alleged in paragraph 12 of the Plaintiff's Original Petition. Taylor further denies that "All Defendants failed to comply with the policy, the Texas Insurance Code and Texas law and handling Plaintiff's claim." Defendant also denies the allegations that :... "Defendant Travelers has refused to pay all amounts due and owing under the policy for the claim."

13.	Taylor denies the allegations contained in paragraph 13 of Plaintiff's Original Petition.

14.	Taylor denies the allegations contained in paragraph 14 of Plaintiff's Original Petition.

15.	Taylor denies the allegations contained in paragraph 15 of Plaintiff's Original Petition.

76666.0294

16. Taylor denies the allegations contained in paragraph 16 of Plaintiff's Original Petition.

17. Taylor denies the allegations contained in paragraph 17 of Plaintiff's Original Petition.

18. Taylor denies the allegations contained in paragraph 18 of Plaintiff's Original Petition.

19. Taylor denies the allegations contained in paragraph 19 of Plaintiff's Original Petition.

20. Taylor denies the allegations contained in paragraph 20 of Plaintiff's Original Petition.

21. Taylor denies the allegations contained in paragraph 21 of Plaintiff's Original Petition.

22. Taylor denies the allegations contained in paragraph 22 of Plaintiff's Original Petition.

23. Taylor denies the allegations contained in paragraph 23 of Plaintiff's Original Petition.

24. Taylor denies the allegations contained in paragraph 24 of Plaintiff's Original Petition.

25. Taylor denies the allegations contained in paragraph 25 of Plaintiff's Original Petition.

26. Taylor denies the allegations contained in paragraph 26 of Plaintiff's Original Petition.

76666.0294

27.  Taylor admits that the policy is valid, binding and enforceable as between the Plaintiff and Defendant Travelers as alleged in paragraph 27 of Plaintiff's Original Petition. Defendant denies the balance of the allegations contained in paragraph 27 of the Plaintiff's Original Petition.

28.  Taylor denies the allegations contained in paragraph 28 of Plaintiff's Original Petition.

29.  Taylor denies the allegations contained in paragraph 29 of Plaintiff's Original Petition.

30.  Taylor denies the allegations contained in paragraph 30 of Plaintiff's Original Petition.

31.  Taylor denies the allegations contained in paragraph 31 of Plaintiff's Original Petition.

32.  Taylor denies the allegations contained in paragraph 32 of Plaintiff's Original Petition.

33.  Taylor denies the allegations contained in paragraph 33 of Plaintiff's Original Petition.

34.  Taylor denies the allegations contained in paragraph 34 of Plaintiff's Original Petition.

35.  Defendant admits the first sentence of paragraph 35 of the Plaintiff's Original Petition but denies the balance of paragraph 35 including subparts (a) through (c) of paragraph 35 of the Plaintiff's Original Petition.

36.  Taylor denies the allegations contained in paragraph 36 of Plaintiff's Original Petition.

76666.0294

37. Taylor denies the allegations contained in paragraph 37 of Plaintiff's Original Petition.

38. Taylor admits the allegations contained in paragraph 38 of the Plaintiff's Original Petition.

39. Taylor denies the allegations contained in paragraph 39 of Plaintiff's Original Petition.

40. Taylor denies the allegations contained in paragraph 40 of Plaintiff's Original Petition.

41. Taylor denies the allegations contained in paragraph 41 of Plaintiff's Original Petition.

42. Taylor denies the allegations contained in paragraph 42 of Plaintiff's Original Petition.

43. Taylor denies the allegations contained in paragraph 43 of Plaintiff's Original Petition.

44. Taylor denies the allegations contained in paragraph 44 of Plaintiff's Original Petition.

45. Taylor denies the allegations contained in paragraph 45 of Plaintiff's Original Petition.

46. Taylor denies the allegations contained in paragraph 46 of Plaintiff's Original Petition.

47. Taylor denies the allegations contained in paragraph 47 of Plaintiff's Original Petition.

76666.0294

48. Taylor denies the allegations contained in paragraph 48 of Plaintiff's Original Petition.

49. Taylor denies the allegations contained in paragraph 49 of Plaintiff's Original Petition.

50. Taylor denies the allegations contained in paragraph 50 of Plaintiff's Original Petition.

51. Taylor denies the allegations contained in paragraph 51 of Plaintiff's Original Petition.

52. Taylor denies the allegations contained in paragraph 52 of Plaintiff's Original Petition.

53. Taylor denies the allegations contained in paragraph 53 of Plaintiff's Original Petition.

54. Taylor admits that the Plaintiff has made a jury demand as alleged in paragraph 54 of Plaintiff's Original Petition.

55. Taylor will serve initial disclosures.

56. Taylor denies the prayer for relief contained in Plaintiff's Original Petition.

## II.
## AFFIRMATIVE DEFENSES

By way of affirmative defenses, Defendant states:

57. A portion of the Plaintiff's damages were caused by lack of maintenance, wear, tear and deterioration and roof installation problems, all of which are not covered.

58. Plaintiff did not cooperate during the investigation. Specifically, the Plaintiff and/or his agents did not provide information which was requested. This is a violate of policy conditions.

76666.0294

59. Defendant is not responsible for any condition not resulting from a covered loss.

60. Alternatively, Plaintiff's actual damages, if any, must be limited by the amounts set forth in the policy limitations provision of the policy.

61. Alternatively, Plaintiff's actual damages, if any, must be offset by the amount of the deductible.

62. Defendant had a reasonable basis for each coverage decision in this case and relied upon an expert engineer.

63. Alternatively, under the Doctrine of Concurrent Causation, Travelers is only liable for that portion of the loss caused by a covered peril. The Plaintiff has the burden of proof to segregate covered versus non-covered damage.

64. Taylor contends that at most, this is a bona fide dispute over the cause and extent of damage that does not give rise to extra-contractual liability.

65. Taylor is not liable as a matter of Texas law for the Insurance Code violations alleged by Plaintiff.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant requests Plaintiff recover nothing from this suit; that Defendant recovers costs of Court; and all other relief to which Defendant may be entitled.

76666.0294

                    Respectfully submitted,

                    ADAMI, SHUFFIELD, SCHEIHING
                        & BURNS, P.C.
                    9311 San Pedro, Suite 900
                    San Antonio, Texas  78216
                    Telephone (210) 344-0500
                    Telecopier (210) 344-7228
                    bscheihing@adamilaw.com

By: _____
                    ROBERT F. SCHEIHING
                    State Bar No. 17736350

                ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Texas Rules of Civil Procedure this 3 day of November, 2017:

William T. Jones
Robert D. Green
Daniel P. Barton
Roy J. Elizondo, III
GREEN & BARTON
1201 Shepherd Drive
Houston, Texas 77007
bjones@GBTriallaw.com
green@greentriallaw.com
dbarton@bartonlawgroup.com
relizondo@GBTriallaw.com

                                      _____
                                      ROBERT F. SCHEIHING